# Court of Appeals
# of the State of Georgia

ATLANTA, May 08, 2026

*The Court of Appeals hereby passes the following order:*

### A26D0501. LONDON MARIAH LANGSTON v. AREP WARDEN QOZ LLC d/b/a THE HAWKINS.

The plaintiff in this case filed a dispossessory action against London Mariah Langston in the Magistrate Court of DeKalb County. The magistrate court granted the plaintiff a writ of possession on May 1, 2026, and Langston filed this application for discretionary appeal on May 5, 2026. We lack jurisdiction.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b)(1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-39(2) (886 SE2d 389) (2023) (punctuation omitted). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See *Harris v. Reserve at Hollywood LLC*, 376 Ga. App. 553, 553 (920 SE2d 163) (2025). The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11(b).

Thus, to the extent that the filing of this discretionary application may be construed as a notice of appeal, it is hereby TRANSFERRED to the Magistrate Court of DeKalb County with direction to transmit it to the state or superior court for disposition as appropriate.[1]



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*  05/08/2026

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] We recognize that we are in possession of limited material and that our determination that jurisdiction may lie in another court is limited by the dearth of information. Thus, our ruling should not constrain either the magistrate court or the state or superior court to the extent those courts determine either that Langston has not perfected the right to appeal or that jurisdiction lies elsewhere.